IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KALEB ANTHONY QUINLEY<br><br>      Plaintiffs,<br>v.<br><br>PANERA BREAD<br><br>      Defendants. | Case No.:<br><br>Hon.<br><br>**Jury Trial Demanded** |

## COMPLAINT

Plaintiff Kaleb Anthony Quinley ("Plaintiff") brings this Complaint against Panera Bread ("Defendant" or "Panera") and alleges as follows:

## NATURE OF THE ACTION

1. This is an action for disability discrimination and retaliation in violation of the Americans with Disabilities Act ("ADA"). Moreover, this Honorable Court has jurisdiction over Plaintiff's state law claims to the extent that he pleads them pursuant to 28 U.S.C. §1367.

## THE PARTIES

2. The Plaintiff is a citizen of the Commonwealth of Pennsylvania.

3. Defendant is a business organized Pennsylvania law with its principal place of business at 1380 York Road, Suite 800 Gettysburg, PA 17325.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction of this action pursuant to 28 U.S.C. §1331 as one arising under laws of the United States. *See* 28 U.S.C. §1331.

1

5. Venue is proper in this Court under 42 U.S.C. § 2000e-5(f)(3) because the "unlawful employment practice[s]" giving rise to this lawsuit took place within this district.

## FACTUAL BACKGROUND

6. Plaintiff is a 23-year-old male that worked for the Defendant as a Manager in training from November 2021 to date of termination on March 8, 2022, at $22.26 per hour working full-time.

7. On January 12, 2022, the Plaintiff notified the Defendant's Regional Vice President, Timothy Dugan ("Dugan") of his gastrointestinal and irritable bowel syndrome disability. The Plaintiff was having several flare ups and would need to postpone his training. The Plaintiff requested medical leave. Dugan agreed that the Plaintiff needed to seek medical attention for his disability and through text Dugan stated he would notify both the District Manager, Dean Turner ("Turner") and Senior Human Resources Manager (hereinafter "HR"), Jennifer Kanady ("Kanaday") of Complainant's need for a medical leave of absence. (See **Exhibit A**).

8. On January 21, 2022, Turner sent a text to the Plaintiff to check-in on his medical leave status. The Plaintiff updated Turner and gave him dates of upcoming medical appointments and his expected time out on leave. (See **Exhibit B**).

9. On January 24, 2022, the Benefits Department for the Defendant contacted the Plaintiff via email to inform him they received his request for medical leave and confirmed his enrollment in Short Term Disability (hereinafter "STD") coverage. A pdf was attached within the email for Plaintiff's physician to complete as it was not included in the packet that had been sent out on January 18, 2022. They conveyed that the Plaintiff's doctor must provide dates needed for Plaintiff's medical leave. (See **Exhibit C**)

10. Later that same day, the Plaintiff had a conversation with Turner to keep him informed that the Defendant was taking too long to get the leave paperwork to him. Turner apologized for the delay and told the Plaintiff that the only thing he should concern himself about was getting better. (See **Exhibit D**)

11. On February 7, 2022, the Plaintiff reached out to Defendant's Leave of Absence Team (hereinafter "LOA") to inquire about his STD benefits as he had not received payment and the following day received notice from Lincoln Financial (a Third-Party Provider) that Defendant had just filed his STD claim. (See **Exhibit E**)

12. On February 10, 2022, the Plaintiff emailed HR to state that Lincoln Financial had been working on his case and that they would be in contact as soon as possible. The response was sent to the LOA team who then thanked him for the update. (See **Exhibit F**)

13. On February 15, 2022, the Plaintiff received a text confirmation from Lincoln Financial stating approval of disability had been extended from February 12th to the 16th of 2022.

14. On February 18, 2022, the Plaintiff emailed HR and LOA to ask what he would need to do if he was still having health issues with his disabilities.

15. On February 21, 2022, the LOA team replied to the Plaintiff's email, stating he would need to have an extension from his doctor and have it faxed to both their fax number and Lincoln Financial. That afternoon, the Plaintiff's physician faxed the forms to both parties extending to March 24, 2022.

16. On February 28, 2022, the Plaintiff emailed both HR and the LOA Team to follow up that they received all necessary paperwork from his physician as he had not heard from anyone yet. Defendant stated they had sent the approval letter out on February 20, 2022, and he had been approved for leave up to March 24, 2022. The Plaintiff also sent a text to case worker, Jade Randolph ("Randolph") with Lincoln Financial, to follow up as he had not heard back from them either. (See **Exhibit G**)

17. On March 1, 2022, the Plaintiff emailed the LOA Team to inquire about unpaid STD benefits. The LOA Team stated that Lincoln Financial had already approved his claim for leave up to March 24, 2022, as requested by his physician and provided the Plaintiff with screenshots of the approval.

Shortly after he received that email, the LOA Team wrote back stating that Lincoln Financial had not approved the Plaintiff's extension yet and his benefits would not be paid out until they approved the extension.

18. Later that same day, the Plaintiff received a text from Randolph at Lincoln Financial that his STD claim had been approved and extended to March 16, 2022, in her first response and in the next response said she extended to March 24, 2022. (See **Exhibit H**)

19. On March 2, 2022, Turner texted the Plaintiff to see if his medical LOA had been extended and hoped he was feeling better. (See **Exhibit I**)

20. On March 4, 2022, the Plaintiff received an LOA approval letter dated February 28, 2022, and not on February 20, 2022, as had been stated to him. (See **Exhibit J**)

21. On March 8, 2022, Turner left a voicemail message on the Plaintiff's cellphone which said he would like to discuss updates and coverage at the restaurant; however, the Plaintiff did not receive the message until the following week because his cellular carrier shut off his connection due to not receiving his STD on time to pay his bills. (See **Exhibit K**)

22. On March 13, 2022, the Plaintiff received a certified letter from Turner dated March 9, 2022, that he was being terminated due to the Plaintiff requesting additional weeks to care for his disability and termination was effective

5

immediately. (See **Exhibit L**). Defendant terminated the Plaintiff without consideration of his disabilities which affect the major life activities of digestion system and bowel control. The Plaintiff also has chronic pain and loss of energy. The Defendant, knowing these issues, had no regard for his need for reasonable accommodation.

23. The EEOC Guidelines have made clear that "when there is more than one means of accommodation which would not cause undue hardship"—which existed in Plaintiff's case— "the employer . . . must offer the alternative which least disadvantages the individual with respect to his or her employment opportunities." *See EEOC Commission Guidelines*, 29 C.F.R. § 1605.2(c)(2)(ii).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

24. All conditions precedent to filing claims under the ADA and the PHRA have been performed or have occurred. Namely, Plaintiff filed a timely charge of discrimination with the U.S. Equal Employment Opportunity Commissions ("EEOC") as dual filed with the Pennsylvania Human Relations Commission ("PHRC") on August 18, 2022. The Plaintiff has fully exhausted his administrative remedies as to his federal claims and state claims and is entitled to file in district court (see **Exhibit M**).

## FIRST CLAIM FOR RELIEF
## ADA DISABILITY DISCRIMINATION

25. Plaintiff incorporates herein the previous averments as if fully set forth.

26. Plaintiff is a qualified individual with a disability under the ADA due to his gastrointestinal and irritable bowel syndrome and defendants' notice of the same.

27. The Plaintiff had a record of disability and/or was regarded as disabled by the Defendant.

28. The ADA prohibits discrimination in the workplace against employees who have, *inter alia*, sought assistance for accommodation in the workplace.

29. Plaintiff requested accommodation pursuant to state and federal law, i.e., medical leave.

30. Defendant failed to accommodate Plaintiff's disability and instead, it fired him when he sought leave for medical reasons related to his disability.

**WHEREFORE**, Plaintiff prays that this Honorable Court will order all appropriate relief pursuant to ADA and any other applicable statutory remedies including but not limited to monetary relief for the Plaintiff, including as applicable compensatory damages including wage loss, pain and suffering and punitive relief as well as all reasonable attorney's fees and costs of litigation.

## **SECOND CLAIM FOR RELIEF**
## **ADA DISABILITY RETALIATION**

31. Plaintiff incorporates herein the previous averments as if fully set forth.

32. The ADA prohibits retaliation in the workplace against employees who have, *inter alia*, sought assistance for accommodation in the workplace or have otherwise opposed practices made unlawful under the law.

33. The Plaintiff's requests for accommodation in the workplace constituted "protected activity" pursuant to state and federal law.

34. Defendant retaliated against the Plaintiff on account of his protected activity when it fired him after he sought medical leave accommodations related to his disability.

35. Furthermore, Plaintiff avers that the Defendant's purported basis to terminate him (e.g., undue hardship) is false and erroneous and a pretext for underlying invidious reasons.

36. As a result, the Plaintiff avers that the Defendant retaliated against him on account of his protected activity by discharging him without justification.

**WHEREFORE**, Plaintiff prays that this Honorable Court will order all appropriate relief pursuant to ADA and any other applicable statutory remedies including but not limited to monetary relief for the Plaintiff, including as applicable compensatory damages including wage loss, pain and suffering and punitive relief as well as all reasonable attorney's fees and costs of litigation.

## THIRD CLAIM FOR RELIEF
## PHRA DISABILITY DISCRIMINATION

37. Plaintiff incorporates herein the previous averments as if fully set forth.

38. The Plaintiff is a qualified individual with a disability under the PHRA due to his gastrointestinal and irritable bowel syndrome and Defendant's notice of the same.

39. The Plaintiff had a record of disability and/or was regarded as disabled by the Defendant.

40. The PHRA prohibits discrimination in the workplace against employees who have, inter alia, sought assistance for accommodation in the workplace.

41. Plaintiff requested accommodation pursuant to state and federal law, i.e., medical leave and the Defendant failed to accommodate Plaintiff's disability, instead, terminating him when he sought leave related to his disability.

**WHEREFORE**, Plaintiff prays that this Honorable Court will order all appropriate relief pursuant to PHRA and any other applicable statutory remedies including but not limited to monetary relief for the Plaintiff, including as applicable compensatory damages including wage loss, pain and suffering and all reasonable attorney's fees and costs of litigation.

## **FOURTH CLAIM FOR RELIEF PHRA**
## **DISABILITY RETALIATION**

42. Plaintiff incorporates herein the previous averments as if fully set forth.

43. The PHRA prohibits retaliation in the workplace against employees who have, *inter alia*, sought assistance for accommodation in the workplace or to have otherwise opposed practices made unlawful under the law.

44. The Plaintiff's requests for accommodation in the workplace constituted "protected activity" pursuant to state and federal law.

45. Defendant retaliated against the Plaintiff on account of his protected activity when it fired him after he sought medical leave accommodations related to his disability.

46. Furthermore, Plaintiff avers that the Defendants' purported basis to fire him (e.g., undue hardship) is false and erroneous and a pretext for underlying invidious reasons.

47. As a result, the Plaintiff avers that the Defendant retaliated against him on account of his protected activity by discharging him without justification. WHEREFORE, Plaintiff prays that this Honorable Court will order all appropriate relief pursuant to PHRA and any other applicable statutory remedies including but not limited to monetary relief for the Plaintiff, including as applicable compensatory damages including wage loss, pain and suffering and all reasonable attorney's fees and costs of litigation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Court:

(a) Declare Defendant violated the ADA, and the PHRA by failing to accommodate him and retaliation against him by discharging him based on pretextual reasons.

(b) Declare that the Defendant violated the ADA, and the PHRA for its failure to provide reasonable accommodation and discharging the Plaintiff due to his disability.

(c) Declare that Defendant violated the ADA, and the PHRA by retaliating against Plaintiff for engaging in protected activity through seeking disability accommodation.

(d) Award Plaintiff damages, including back pay, front pay, pre-judgment and post-judgment interest, punitive damages, and compensatory damages and other affirmative relief necessary to eradicate the effects of Defendant' unlawful employment practices.

(e) Award Plaintiff damages necessary to make him whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, and loss of civil rights, as determined at trial.

(f)     Award reasonable attorney fees and costs; and

(g)     Award such other and further relief that this Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby respectfully demands trial by jury on all counts so triable.

DATED this the 18th day of March 2024.

*By: /s/ Jeremy A. Donham, Esquire*
Jeremy Donham, (206980)
**DONHAM LAW**
714 Venture Drive, Ste. 144
Morgantown, West Virginia 26508
717.881.7855 (Phone)
Email: J.Donham@Donhamlaw.com

***Counsel for Plaintiff***